UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RACHAEL STATEN,

                    Plaintiff,

          - v -

WALDORF PROPERTIES GROUP, LLC,
ORTAL GROUP, LLC, NISSO NIZRI, and
YANIV AVRAHAMI,

                    Defendants.
------------------------------------------------------------x

**ORDER AWARDING
ATTORNEYS' FEES**

CV-14-5947 (JBW)(VVP)

      When the defendants failed to respond to subpoenas seeking post-judgment discovery, the plaintiff was required to file a motion to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. That motion was referred to me for decision by Judge Weinstein. Although the defendants initially opposed the motion, the parties ultimately resolved the discovery dispute at the hearing that was scheduled on the motion, and the court entered an order reflecting the agreed upon discovery the defendants were to provide. Left open, however, was the plaintiff's request for an award of attorneys' fees relating to the litigation of the motion. The court thus set a schedule for submissions on the issue. See Order, June 29, 2016 [Doc. No. 24]. The plaintiff filed an Affirmation of Lawrence E. Fabian in accordance with the schedule. The defendants filed no opposition.

      Under Rule 37(a)(5) of the Federal Rules of Civil Procedure, the court is required to award attorneys' fees and expenses to a successful movant on a motion to compel discovery unless the opposing party's nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." That the defendants here ultimately agreed to provide the discovery sought does not mitigate the award, as the agreement was

not reached until after the motion was made.  Moreover, the plaintiff had attempted to obtain the discovery by reaching out to the defendants before filing the motion, but received no response from the defendants' counsel.  The defendants have not sought to demonstrate that their failure to produce discovery was justified or that there exist any circumstances that would make an award unjust.

Ordinarily, in determining awards of attorneys' fees the court is required to calculate the "presumptively reasonable fee" by the "lodestar" method, which entails determining the number of hours reasonably expended on the litigation and multiplying that figure by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L.Ed.2d 494 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420-21 (2d Cir. 2010)*; Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).  To permit the court to accomplish this task, litigants seeking an award of fees must submit for the court's review contemporaneous billing records for each attorney, documenting the date, the hours expended, and the nature of the work.  *See Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48, 1154 (2d Cir. 1983).

The plaintiff has provided billing records by two attorneys who were involved in the motion, Lawrence E. Fabian and his associate Melanie C. Alphonso.  The records disclose that Mr. Fabian spent 4.75 hours researching, drafting and revising the moving papers on the

motion, and 2.25 hours researching, drafting and revising the reply papers that were filed. The records disclose that Ms. Alphonso spent a total of 3.05 hours preparing for and attending the hearing, including travel time.  For their respective efforts, the plaintiff seeks $575 per hour for Mr. Fabian's time and $375 per hour for Ms. Alphonso's time.  No support is provided to justify the rates, other than the fact that Mr. Fabian has been in practice since 1970, and Ms. Alphonso since 2004.

In evaluating the reasonableness of the time expended, the court concludes that much of the time spent in drafting the moving papers was unnecessary.  Pursuant to Local Civil Rule 37.3(c), the motion should have been made by letter, limited to three pages.  Had that been done, the court would have simply scheduled a conference that would have led to the same resolution that was reached without the need for extensive briefing.  Indeed, that is the purpose of the local rule.  Thus, instead of the seven hours spent drafting the moving papers, the dispute could have been brought to the court's attention with a three-page letter that would have taken no more than three hours.  Accordingly, the plaintiff is entitled to an award that covers three hours of time for Mr. Fabian's efforts.  The three hours spent by Ms. Alphonso in preparing for and attending the hearing was appropriate and should be compensated as well.

The rates sought by the plaintiff are excessive as well.  The motion was not complex, and the reasonable rate for a partner handling such a matter in this district is no more than $400 per hour; for an associate a reasonable rate is $250 per hour.  *See generally, Andrews v. City of New York*, No. 14-CV-1721, 2015 WL 5773961 (E.D.N.Y. Sept. 29, 2015); *Pandeosingh v.*

*American Medical Response, Inc.*, No. 09-CV-5143, 2014 WL 1365435 (E.D.N.Y. Apr. 7, 2014); *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281 (E.D.N.Y. 2012).

On the basis of the above considerations the court concludes that the plaintiff is entitled to an award of attorneys' fees for three hours at $400 per hour for Mr. Fabian's efforts, and three hours at $250 per hour for Ms. Alphonso's efforts. Accordingly, the defendants are ordered to pay to the plaintiff a total of $1,950 for reasonable attorneys' fees incurred in connection with the motion.

            **SO ORDERED:**

            *Viktor V. Pohorelsky*
            VIKTOR V. POHORELSKY
            United States Magistrate Judge

Dated:    Brooklyn, New York
           August 9, 2016